IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| JAMES B. HELMER, JR., | : | Case No. 1:20-cv-105 |
| Plaintiff, | : | Judge Matthew W. McFarland |
| v. | : | |
| BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C., *et al.*, | : | |
| Defendants. | : | |

**ORDER DENYING MOTION TO BIFURCATE (Doc. 17)**

This case is before the Court on Defendants' motion to bifurcate (Doc. 17). Plaintiff filed a response in opposition (Doc. 20), to which Defendants filed a reply (Doc. 23), making this matter ripe for the Court's review.

**FACTS**

Plaintiff James Helmer is an Ohio attorney and author of FALSE CLAIMS ACT: WHISTLEBLOWER LITIGATION, a treatise published in 1994. Defendant Beasley Allen is a law firm located in Alabama and Georgia, and Defendant C. Lance Gould is an attorney and principal at the firm. In 2016, Defendants published a book titled WHISTLEBLOWER: A BRIEF HISTORY/GUIDE TO GETTING STARTED ("Beasley Book"). Beasley Allen holds the copyright, and C. Lance Gould is listed as the author. Plaintiff discovered the Beasley Book in 2019 and is now suing Defendants for one count of alleged copyright infringement in violation of 17 U.S.C. § 106, *et seq.*

Defendants initially moved to dismiss the case, which the Court denied. Shortly thereafter, Plaintiff served document requests related to both liability and damages. Before responding, Defendants filed the present motion requesting that the issue of liability be bifurcated from the issue of damages for both discovery and trial. (Doc. 17.)

## LAW

Under Fed. R. Civ. P. 42(b), trial courts have broad discretion to "order a separate trial of one or more separate issues." *Hardesty v. Kroger Co.*, 2020 WL 7047702, at *1 (S.D. Ohio Dec. 1, 2020) (citation omitted). The party seeking bifurcation bears the burden of demonstrating the need for separate trials. *Id.* When determining if bifurcation is appropriate, courts must consider the potential prejudice to the parties, the possible confusion for jurors, and the relative convenience and economy that would result. *Id.*

Specifically, the Sixth Circuit explained that "[b]ifurcation of proceedings into separate trials concerning liability and damages is appropriate when 'the evidence pertinent to the two issues is wholly unrelated' and the evidence relevant to the damages issue could have a prejudicial impact upon the jury's liability determination." *Helminski v. Ayerst Labs., a Div. of Am. Home Prod. Corp.*, 766 F.2d 208, 212 (6th Cir. 1985) (*quoting* 9 C. Wright & A. Miller, FEDERAL PRACTICE & PROCEDURE § 2390 (1971)). However, the Sixth Circuit has also cautioned that "separation of issues should be resorted to only in the exercise of informed discretion, and in a case and at a juncture which move the court to conclude that such action will really further convenience or avoid prejudice." *Hines v. Joy Mfg. Co.*, 850 F.2d 1146, 1152 (6th Cir. 1988) (cleaned up).

## ANALYSIS

Defendants argue that the Court should bifurcate this case for two main reasons: (1) the issues of liability and damages are entirely unrelated; and (2) bifurcation will promote judicial economy, conservation of resources, and protection against undue prejudice. The Court will first address these two main arguments, then briefly analyze Defendants' remaining arguments.

I. **Defendants Fail in Demonstrating that the Liability and Damages Evidence is Unrelated.**

First, Defendants argue that the "liability issues in this case are separate and distinct from the damages issues, meaning that the damages discovery is not at all relevant to the question of liability." (Doc. 17 at p. 2.) Plaintiff, however, contends that "[i]n reality, there are many common aspects and overlap between evidence of liability and damages, both as to documentation and witness testimony." (Doc. 20 at p. 4-5.)

For example, with regards to damages, if Plaintiff is successful in this case, he may elect to recover either (1) his actual damages plus any additional profits by the infringer, or, alternatively, (2) "statutory damages" ranging between $750 and $30,000 for each infringement, or up to $150,000 if the infringement was "committed willfully." (Doc. 20 at p. 3) (*citing* 17 U.S.C. § 504(c).) As such, Plaintiff contends that his "evidence that Defendants intentionally copied his book, and then distributed it as their own creation for commercial gain, will prove both the infringement (for liability) and its willful nature (for damages)." (*Id.*) Moreover, Defendants state that they plan to pursue a fair use defense. But as Plaintiff points out, this defense would also likely

3

involve evidence applicable to both liability and damages. Under a fair use defense, Defendants would likely have to prove whether the Beasley Book's "use is of a commercial nature or is for nonprofit educational purposes." [1] If this case were to be bifurcated, defense witnesses could be forced to testify twice: first about how the Beasley Book was written and for what purposes it was marketed, and then a second time about the profits Beasley Allen realized as a result. In fact, in their own argument, Defendants inadvertently concede that the issues of liability and damages overlap. In arguing that Plaintiff's damages theory is unlikely to prevail, Defendants state that, "when a plaintiff seeks indirect profits, he 'must show some connection between the infringement and the profits before the burden shifts to the Defendants.'" (Doc. 23 at p. 3) (citing *Whatever it Takes Transm. & Parts, Inc. v. Capital Core, Inc.*, No. 2:10-CV-72, 2013 WL 12178585, *15 (S.D. Ohio Mar. 22, 2013).)

In sum, Defendants bear the burden of demonstrating the need for bifurcation and, as a preliminary matter, must demonstrate that the issues of liability and damages are entirely unrelated. *See supra* p. 2. They have failed to do so. While Defendants contend that the liability evidence will be entirely unrelated to the damages evidence, Plaintiff convincingly argues that such evidence is indeed likely to overlap.

**II.  Bifurcation Would Not Serve the Purposes of Fed. R. Civ. P. 1 & 42(b)**

Here, even if Defendants could demonstrate that the issues of liability and

---

[1] 17 U.S.C. § 107(1); *see also Harper & Row, Publishers v. Nation Enters.*, 471 U.S. 539, 563 (1985) ("Fair use distinguishes between a true scholar and a chiseler who infringes a work for personal profit.") (internal quotations and citation omitted); *but see Design Basics, LLC v. Petros Homes, Inc.*, 240 F. Supp. 3d 712, 721 (N.D. Ohio 2017) ("Under fair use defense in copyright infringement action, defendants . . . need not establish that each of the factors set forth in Copyright Act's fair use provision weighs in their favor.").

4

damages are unrelated, bifurcation is still unwarranted. As discussed above, Fed. R. Civ. P. 42(b) allows a court to bifurcate a trial "[f]or convenience, to avoid prejudice, or to expedite and economize." Moreover, Fed. R. Civ. P. 1 states that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Bifurcating this case now would not serve any of these purposes.

Defendants argue that bifurcation will promote "judicial economy, conservation of resources, and protection against undue prejudice" since discovery on damages will be costly and time-consuming. (Doc. 17 at p. 2.) In Defendants' eyes, "[w]ith discovery just starting, bifurcating now will avoid unnecessary prejudice to Defendants and prevent the expense and burden of engaging in extensive damages discovery for all parties, which may be moot once the court determines liability." (Doc. 17 at p. 5.) However, this argument is based entirely on Defendants' presumption that bifurcation will save the parties time and expense "when Plaintiff fails to establish liability." (Doc. 17 at p. 7) (emphasis added.)

Further, what if—upon completion of discovery, motion practice, trial, and any resulting appeals—Plaintiff indeed establishes liability? Under Defendants' proposal, the parties (as well as this Court) would then be faced with a second round of discovery, motion practice, trial and appeals. Bifurcation could thus mean that many witnesses would have to be deposed twice, the Court would devote twice the amount of time and resources, and the parties would spend twice as much in fees and expenses (if not more) and wait twice as long for the adjudication of this case. Bifurcating now

5

would also make early resolution of this case—through mediation or other settlement discussion—nearly impossible without the benefit of damages discovery. For these same reasons, district courts within the Sixth Circuit have denied bifurcation under analogous circumstances. *See, e.g., Eighth Floor Promotions, LLC v. R.S. Owens & Co.*, No. 2:09-CV-102, 2009 WL 2982873 (S.D. Ohio Sept. 15, 2009) (denying motion to bifurcate issues of liability and damages for discovery and trial in copyright infringement case); *Kendall Holdings, Ltd. v. Eden Cryogenics, LLC*, 2009 U.S. Dist. LEXIS 96082 (S.D. Ohio Sept. 30, 2009) (same); *Creative Home Designs, Inc. v. Fred Francis Builders, L.P.*, No. 3:06CV0039, 2006 WL 2469379, at *1 (M.D. Tenn. Aug. 25, 2006) (same).

In short, bifurcating this case at this early stage of litigation would run contrary to Fed. R. Civ. P. 42(b), as well as the very purpose of the Federal Rules of Civil Procedures as espoused in Rule 1. Contrary to Defendants' contentions, this is a routine, unexceptional, single-count case of copyright infringement. And, the Court has yet to recognize a single issue that would cause confusion or prejudice to a juror. As such and based on the current record, bifurcation under Rule 42(b) is not warranted.

### III. Request to Stay Discovery Under Fed. R. Civ. P. 26(c)

In their reply brief, Defendants argue—for the first time—that the Court should enter a stay of the damages discovery under Fed. R. Civ. P. 26(c). (Doc. 23.) However, "[i]t is well-settled that a movant cannot raise new issues for the first time in a reply brief because consideration of such issues 'deprives the non-moving party of its opportunity to address the new arguments.'" *Malin v. JPMorgan*, 860 F. Supp. 2d 574, 577 (E.D. Tenn. 2012) (citing *Cooper v. Shelby Cnty.*, 2010 WL 3211677, at *3 n. 14

6

(W.D.Tenn. Aug. 10, 2010) (collecting Sixth Circuit and district court cases discussing this principle)). Accordingly, the Court will not adjudicate the request for a stay of the damages discovery raised in Defendants' reply brief.

## CONCLUSION

For the reasons stated above, Defendants' motion to bifurcate (Doc. 17) is **DENIED**.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND
